Mr. Chief Justice ShaReey
delivered the opinion of the court.
This suit was brought by the defendant in error against the plaintiff in error on two promissory notes, which had been given by the wife of Duncan whilst she was a feme sole, for a lot in Vicksburg, which she purchased of Lane, who made a deed with general warranty, under which his vendor was let into possession, and has not been evicted. The defence set up is failure of consideration, arising from a defect in Lane’s title. It seems .that Lane had previously sold the same lot as administrator of one Shane. Walker became the purchaser at that sale, and afterwards conveyed to Lane.
It is insisted in the first place that the sale by Lane as administrator, was void because the directions of the statute were not *753 complied with. It is also said that Walker purchased for Lane, and that the title of the estate was not divested, as it was a purchase by an administrator at his own sale. Walker states that he did not give his note or pay any money ; still he denies that he purchased for Lane, or under any previous agreement between them, except that Lane stated that the property was worth six thousand dollars, and he would be willing to take it of the purchaser at that price, if he did not wish to keep it.
On the trial the court refused to give certain instructions asked by the defendants’ counsel, and gave certain instructions asked by the plaintiff’s counsel, to all of which the defendants’ counsel excepted, and after verdict moved for a new trial.
The sale by Lane as administrator may be laid out of view in this case, and the charges asked and refused, and those given, to which exceptions were taken, were all in reference to that sale. We do not perceive any objection however to the charges given. It may be, and probably is true, that-Lane’s sale as administrator passed no title to his vendee. But all the cases in which such sales have been decided to be invalid, Were cases between the purchaser and the administrator, or his assignee, the sale by the administrator being the consideration. These plaintiffs in error were not purchasers at the administrator’s sale ; they derive title from Lane individually, who derived title from Walker. They stand in the attitude of an ordinary purchaser, who has taken a covenant of warranty, and been let into possession. They cannot set up failure of consideration without eviction. This doctrine has just been fully considered in the case of Hoy and Thorn v. Taliaferro, ante, 727, to which it is sufficient to refer. In the present case it is also insisted, that there was a covenant of seizin arising from the use of the words “ grant, bargain and sell.” That question was also considered in the case referred to, and to the authorities there cited, we will add the case of Frost v. Raymond, 2 Caines R. 188, and authorities there cited, to show that an express covenant does away the effect of all implied ones.
Judgment affirmed.